UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

STEVEN D. STEWART,

                Plaintiff,

v.

DR. PALOP, WHITMAN, LISA ALBRECHT, NURSE AMY ZIGLER, NURSE LAURA, and PAULA STEISEL,

                Defendants.

Case No. 25-CV-391-JPS

**ORDER**

---

Plaintiff Steven D. Stewart, an inmate confined at Oakhill Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights by failing to provide him adequate medical treatment. ECF No. 1.[1] Plaintiff paid the filing fee in full. This Order screens Plaintiff's complaint.

1. **FEDERAL SCREENING STANDARD**

Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

---

[1] Plaintiff initially did not submit a signature page to the complaint. *See* ECF No. 1. Plaintiff submitted a signature page on March 21, 2025. ECF No. 3.

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

2. **PLAINTIFF'S ALLEGATIONS**

Plaintiff names as Defendants Dr. Palop ("Palop"), Whitman, Lisa Albrecht ("Albrecht"), Nurse Amy Zigler ("Zigler"), Nurse Laura ("Laura"), and Paula Steisel ("Steisel"). ECF No. 1 at 1. Plaintiff arrived at Fox Lake Correctional Institute ("FLCI") on February 24, 2022. *Id.* at 2. Plaintiff has a Foley Catheter and has had a medical restrict to not be placed

in a double cell for the past thirty-one years. *Id.* On his first day at FLCI, Plaintiff wrote a medical request to have his catheter changed every thirty days. *Id.* Plaintiff also explained that he had been diagnosed with a urinary tract infection ("UTI") on January 28, 2022, at the University of Wisconsin-Madison urology clinic. *Id.* After this notice, the FLCI doctor and his staff failed to monitor Plaintiff's condition. *Id.* Steisel admitted knowing that Plaintiff was allergic to amoxicillin and Ibuprofen and that she did nothing to stop Plaintiff's prescription to them. *Id.*

Plaintiff put in various medical requests following his arrival at FLCI. *Id.* at 3. Plaintiff saw Palop and Albrecht and told them on March 17. 2025 about his urinary tract infection. *Id.* Plaintiff told Palop and Albrecht that he was in extreme pain with massive bladder spasms. *Id.* Plaintiff also told Palop and Albrecht that he was leaking a lot of urine down his leg. *Id.* Palop had not even looked at Plaintiff's medical records at that point. *Id.* Palop and Albrecht sent Plaintiff back to his cell despite his medical issues. *Id.* Plaintiff was given a different catheter at FLCI, and he immediately had an allergic reaction to the silicone catheter. *Id.*

Plaintiff told Palop, Whitman, Albrecht, Zigler, and Laura about his UTI and catheter issues. Unit Nine staff informed the medical staff throughout March and April of Plaintiff's medical issues. *Id.* Plaintiff pleaded with Defendants to take out the blue catheter because of his allergic reaction. *Id.* Defendants refused to help Plaintiff and kept the catheter in until April 23, 2022. *Id.* Plaintiff suffered stomach and bladder spasms, blood clots in his urinary bag, and a urinary tract infection from March 17, 2022 until April 23, 2022 because of Defendants' failure to properly treat him. *Id.* at 5. On April 29, 2022, Plaintiff received a medical memo stating that medical staff had not been informed about Plaintiff's needed medical

Page 3 of 8
Case 2:25-cv-00391-JPS   Filed 06/02/25   Page 3 of 8   Document 5

supplies. *Id.* Plaintiff maintains that this memo was a lie and that Defendants were all aware of his medical condition. *Id.*

**3.    ANALYSIS**

The Court finds that Plaintiff may proceed against Palop, Whitman, Albrecht, Zigler, Laura, and Steisel on an Eighth Amendment deliberate indifference claim for their indifference to Plaintiff's serious medical need. The Eighth Amendment secures an inmate's right to medical care. Prison officials violate this right when they "display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (internal quotation omitted). Deliberate indifference claims contain both an objective and a subjective component: the inmate "must first establish that his medical condition is objectively, 'sufficiently serious,'; and second, that prison officials acted with a 'sufficiently culpable state of mind,' i.e., that they both knew of and disregarded an excessive risk to inmate health." *Lewis v. McLean*, 864 F.3d 556, 562–63 (7th Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations omitted)). "A delay in treating non-life-threatening but painful conditions may constitute deliberate indifference if the delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011) (citing *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010)). The length of delay that is tolerable "'depends on the seriousness of the condition and the ease of providing treatment.'" *Id.* (quoting *McGowan*, 612 F.3d at 640).

At the screening stage, the Court finds that Plaintiff's allegations are sufficient to proceed against Palop, Whitman, Albrecht, Zigler, Laura, and Steisel. Plaintiff alleges improper medical treatment related to his UTI and catheter for months. As such, Plaintiff may proceed against Palop,

Page 4 of 8
Case 2:25-cv-00391-JPS    Filed 06/02/25    Page 4 of 8    Document 5

Whitman, Albrecht, Zigler, Laura, and Steisel on an Eighth Amendment deliberate indifference claim for their indifference to Plaintiff's serious medical needs.

The Court will also allow Plaintiff to proceed against Palop, Whitman, Albrecht, Zigler, Laura, and Steisel on a state law claim for negligence. At this early stage, the Court will exercise its supplemental jurisdiction under 28 U.S.C. § 1367(a). To sustain a claim for negligence, Plaintiff must allege "(1) a breach of (2) a duty owed (3) that results in (4) an injury or injuries, or damages." *Paul v. Skemp*, 625 N.W.2d 860, 865 (Wis. 2001). As such, the Court will allow Plaintiff to proceed on a state law claim against Palop, Whitman, Albrecht, Zigler, Laura, and Steisel for negligence.

4. **CONCLUSION**

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claims pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Eighth Amendment claim against Palop, Whitman, Albrecht, Zigler, Laura, and Steisel for their deliberate indifference to Plaintiff's serious medical needs.

**Claim Two:** State law negligence claim against Palop, Whitman, Albrecht, Zigler, Laura, and Steisel for their failure to adequately treat Plaintiff's medical condition.

The Court has enclosed with this Order guides prepared by court staff to address common questions that arise in cases filed by prisoners. These guides are entitled, "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions." They contain information that Plaintiff may find useful in prosecuting his case.

Defendants should take note that, within forty-five (45) days of service of this Order, they are to file a summary judgment motion that raises

all exhaustion-related challenges. The Court will issue a scheduling order at a later date that embodies other relevant deadlines.

Accordingly,

**IT IS ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the complaint and this Order have been electronically transmitted to the Wisconsin Department of Justice for service on Defendants **Palop, Whitman, Albrecht, Zigler, Laura, and Steisel**;

**IT IS FURTHER ORDERED** that under the informal service agreement, Defendants shall file a responsive pleading to the complaint within sixty (60) days;

**IT IS FURTHER ORDERED** that Defendants raise any exhaustion-related challenges by filing a motion for summary judgment within forty-five (45) days of service;

**IT IS FURTHER ORDERED** if Defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed. Defendants should take care to explain the reasons why they intend to move to dismiss the complaint, and Plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss

should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendants file a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice; and

    **IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

    Dated at Milwaukee, Wisconsin, this 2nd day of June, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202
>
> **<u>DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS</u>**.  If mail is received directly to the Court's chambers, **<u>IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE</u>**.
>
> Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute.  In addition, the parties must notify the Clerk of Court of any change of address. **<u>IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE</u>**.